UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MUHAMMAD EURY, | Case No. 1:22-cv-331 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| ROBERT BROOKS, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

*Pro se* Plaintiff Muhammad Eury filed this action against two of his former landlords and his current landlord. He claims that their rental units were infested with insects and in need of major repairs to be habitable. He also alleges that the landlords behaved menacingly toward him and encouraged others to follow him around and threaten him. He does not specify the legal claim or claims he intends to assert against Defendants, nor does he indicate the relief he is seeking from the Court.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

### STATEMENT OF FACTS

Plaintiff alleges that, on May 3, 2021, he moved into a rooming house owned Robert Brooks owns. Plaintiff states that he stayed in his room most of the time he was at home because Mr. Brooks permitted illegal activities to be conducted from the

property. Plaintiff contends that Mr. Brooks and other tenants became concerned that Plaintiff's absence from common areas meant that he would report the illegal activities to the police. He alleges that to assure his silence, Mr. Brooks reported to that police that Plaintiff was threatening to burn down the house, prompting police officers to question Plaintiff. The officers did not take any action against the Plaintiff. Plaintiff states that associates of Mr. Brooks advised him that Brooks wanted to have him killed. Plaintiff contends he decided to move to another rooming house after someone fired a gun at him. He solicited the presence of police and friends to prevent violence from erupting while he moved his belongings.

Plaintiff next moved to the rooming house Albert Thrower owned. He alleges that the room was filthy and infested with insects and vermin. Also, he alleges that the other tenants were racists. He contends that Mr. Thrower threatened him and colluded with strangers to destroy him. He states that he moved from that residence on the advice of Mr. Thrower.

Plaintiff states that he then moved into his current rental unit, which Arthur Brown owns. Plaintiff alleges that Mr. Brown told him that, if tenants complained about the conditions, he would create animosity between them and reward the tenant that told the best lie for him. Plaintiff contends that he informed Mr. Brown that one tenant attacked another in the bathroom and that Mr. Brown said he cared only about the money. Plaintiff alleges that he fell into the floor because the boards were rotted, the ceiling dropped on another tenant, and a raccoon came out of the wall. He states

that the conditions are so bad that none of the tenants will let investigators in because they know they will face eviction.

## STATEMENT OF THE CASE

Plaintiff does not list a legal claim in his Complaint, and he does not specify what relief he seeks from the Defendants. On his civil cover sheet, Plaintiff states that his cause of action is "violation of 8th Amendment, Duress, threats against life, liberty, and property." (ECF No. 1-1.) He does not provide additional information about the relief he requests.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise

the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Here, Plaintiff fails to state a claim on which relief may be granted. He does not assert a legal claim in his complaint. His civil cover sheet indicates that he is attempting to assert claims for violation of his constitutional rights. Because the Constitution does not directly provide for a remedy, and Plaintiff is not alleging these violations occurred during a criminal proceeding, he must proceed under one of the civil rights statutes which authorizes relief for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, No. 97-6138, 1999 U.S. App. LEXIS 2113, at *5 (6th Cir. Feb. 8, 1999). The only possible statute under which Plaintiff could proceed is 42 U.S.C. § 1983. This statute, however, only provides relief for constitutional violations State or local government officials commit. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Each Defendant is a private party—not a State or local official. Therefore, Plaintiff cannot proceed against them with claims under Section 1983. Plaintiff does not identify another potential legal claim in his complaint or initial filings, and none is apparent from the face of the complaint.

4

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: May 3, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio